IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 09-30024-MJR |
| Plaintiff, | ) | |
| | ) | Title 18, United States Code, Section 1341 |
| vs. | ) | |
| | ) | **FILED** |
| DON C. PADGETT, | ) | |
| | ) | MAR 17 2009 |
| Defendant. | ) | CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF ILLINOIS<br>EAST ST. LOUIS OFFICE |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### MAIL FRAUD BY SECRETARY/TREASURER OF UNION

1. From in or about November 20, 2001, and continuing through in or about May 23, 2008, in Bond County, within the Southern District of Illinois, and elsewhere,

**DON C. PADGETT,**

defendant herein, did engage in a scheme to defraud the American Federation of Government Employees(AFGE) Union Local 1304 out of money. The scheme to defraud involved causing the mailings of mail matter through the United States Postal Service in furtherance of the scheme to defraud the union and incidental to an essential part of the scheme.

2. **DON C. PADGETT** was at all relevant times the Secretary/Treasurer and Chief Financial Officer of AFGE Union Local 1304. Padgett served as secretary-treasurer of Local 1304 from approximately 2000 or 2001 until June 2008. As secretary-treasurer, he was responsible for the financial activities of the local union including preparing and signing checks; paying bills; making bank deposits; recording all receipts, checks, and cash disbursements in the local's records; reconciling accounts; taking minutes at each executive board and local meeting; preparing and presenting a financial report at each meeting; ensuring that an audit was conducted at least once a year; and preparing, signing, and filing a required LM-3 report with the U.S. Department of Labor.

3. Local 1304 of the American Federation of Government Employees (AFGE) is comprised of approximately 234 active members, most of whom are correctional officers at the Federal Correctional Institution (FCI) in Greenville, Illinois. The officers of Local 1304 consist of a president, first vice president, second vice president, executive vice president, and a secretary-treasurer. All officers sit on the executive board. The president is the local's chief executive officer, and the secretary-treasurer is the local's chief financial officer.

4. FCI deducts dues of $18 every two weeks from each member's paycheck and forwards it to the AFGE National office. The AFGE national office deposits the dues directly into Local 1304's checking account. In addition to their monthly dues, the local receives income from fundraisers.

5. In furtherance of the scheme to defraud, Don Padgett made unauthorized purchases and cash advances to himself using the local's MasterCard. The use of the MasterCard by Padgett was not authorized. Padgett omitted the charges from the financial reports; consequently, the charges were never discussed at any union meeting and were never authorized. Also, when the checking account balance was low, Padgett transferred money from the local union's certificate of deposit and savings account to the checking account, so he could make a payment to the credit card for his unauthorized usage.

6. In furtherance of the scheme to defraud, Padgett issued unauthorized checks from Local union 1304's checking account. From March 26, 2001 through May 23, 2008, 136 checks were unauthorized. Of those checks, 63 were made payable to Padgett, 7 were made payable to various businesses, and 66 were made payable to MasterCard for cash advances and charges.

7. In furtherance of the scheme to defraud, Padgett concealed his theft by falsifying the information he entered into the local union's check register. Numerous check entries were falsified in the local's records in order to conceal them. The majority of the checks were omitted from the local union's records.

8. In furtherance of the scheme to defraud, Padgett over-reported the amounts in the local union's checking and savings account in the financial reports presented at the membership meetings.

9. In furtherance of the scheme to defraud, the Labor Organization Annual Report Form LM-3 reports filed by Padgett for Local union 1304 for the fiscal years ending December 31, 2002 through 2007 were falsified. Padgett did not include the payments he received through the checks to himself, the cash advances, or the personal items he charged on the union's credit card. Padgett prepared, signed, and filed the LM-3 reports with the Department of Labor during 2002-2007.

**The Mailing In Furtherance of Scheme to Defraud**

10. On or about March 26, 2008, in Bond County, within the Southern District of Illinois, **DON C. PADGETT**, defendant herein, for the purpose of executing and in order to effect the scheme and artifice to defraud, did knowingly cause to be sent by the United State Mail the Form LM-3 Labor Organization Annual Report to the U.S. Department of Labor which falsely stated the total disbursements from the union to **DON C. PADGETT** and concealed amounts embezzled by him from the union.

All in violation of Title 18, United States Code, Section 1341.

## COUNT 2

## FOR FORFEITURE

1. The allegations contained in Count 1 are realleged and incorporated by reference as though fully set forth herein for purposes of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C).

2. As a result of the offense described in Count 1 of this Indictment,

**DON C. PADGETT,**

defendant herein, shall forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341. Proceeds shall include, pursuant to 18 U.S.C. § 981(a)(2)(A), property of any kind obtained directly or indirectly, as the result of the commission of said offense, and any property traceable thereto. Said property includes, but is not limited to:

**SUBSTITUTE PROPERTY:**

If any of the foregoing property, as a result of any act or omission of the defendant, (A) cannot be located upon the exercise of due diligence, (B) has been transferred or sold to, or deposited with, a third party, (C) has been placed beyond the jurisdiction of the Court, (D) has been substantially diminished in value, or (E) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 18, United States Code, Section 853(p), to forfeit other property of the defendant up to the value of the foregoing property. The property to be forfeited as substitute property includes, but is not limited to $186,997.58 in United States funds.

A TRUE BILL

_____
FOREPERSON

_____
NORMAN R. SMITH
Assistant United States Attorney

_____
A. COURTNEY COX
United States Attorney

Recommended Bond:          $20,000 UNSECURED

4